### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MILDRED L. MCCRAY,** | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | **Civil No. 26-1409** |
| USPS *U.S. Federal Government Executive* | ) | |
| *Branch Controls Expenditures and Appoints* | ) | |
| *Postmaster's and* **NALC Union,** *National* | ) | |
| *Officers & Business Agents Union Handles* | ) | |
| *Contracts & Business Administration* | ) | |
| *Matters,* | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis*

and attaching a Complaint and Exhibits. Plaintiff sues the United States Postal Service and the

National Association of Letter Carriers.[1] Plaintiff's motion to proceed *in forma pauperis* will be

granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's

Complaint, the Court will, *sua sponte*, dismiss several claims in accordance with 28 U.S.C. §

1915(e), with leave to amend.

### I.    Motion to Proceed in Forma Pauperis

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C.

§ 1915(a). Upon review of Plaintiff's Motions and her affidavits in support, the Court finds the

Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave

to proceed *in forma pauperis*.

---

[1] The United States Postal Service is identified in the caption as, USPS, *U.S. Federal Government Executive Branch Controls Expenditures and Appoints Postmaster's*. The National Association of Letter Carriers is identified in the caption as, NALC Union, *National Officers & Business Agents Union Handles Contracts & Business Administration Matters*.

## II.      Discussion

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A review of the Complaint demonstrates that Plaintiff has failed to state any claim upon which relief can be granted.

### A.      Allegations

Plaintiff alleges that on August 2025, at the United States Postal Service center at 1001 California Avenue, Pittsburgh, Pennsylvania, she took a USPS exam for a maintenance mechanic position. She passed the exam but was rejected for employment. When she inquired as to the reason for the rejection, she learned it was based upon database errors that stated that Plaintiff was disabled and disqualified from work opportunities. Plaintiff denies that she is disabled. Thus, it appears that Plaintiff is bringing a civil rights employment discrimination suit based upon being perceived as disabled. She also appears to be bringing a claim for deprivation of her right to obtain records under the Freedom of Information Act (FOIA). Finally, Plaintiff explicitly asserts state law claims of intentional infliction of emotional distress and libel.

In her Complaint, Plaintiff provides allegations regarding her prior employment as a USPS mail carrier in the Atlanta District. She also submitted exhibits documenting her efforts to obtain information, under FOIA, from governmental entities. She also included exhibits, documenting her requests for assistance directed to on-party individuals and non-governmental entities. One of the entities, a law firm, resides in Florida, while the remaining entities and persons reside in Georgia. Plaintiff's Complaint and exhibits also identify additional non-party persons and entities. While her prior USPS employment maybe relevant to her employment

discrimination claim, it is difficult to know how any of the other named non-parties concern Plaintiff's Pittsburgh-based claims.

### B.    Disability Discrimination Claim

Plaintiff appears to allege that, because she was regarded as having a disability, one or both Defendants, discriminated against her  and caused her to be rejected for employment, despite that she had successfully passed the required exam. This claim will be permitted to proceed.

### C.    FOIA Claims

With respect to Plaintiff's purported FOIA claims, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (citation omitted); 5 U.S.C. § 552(a)(4)(B). A review of the Complaint's allegations shows that Plaintiff has not sufficiently alleged which agency improperly withheld agency records. "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *In re Lucabaugh*, 262 B.R. 900, 904 (E.D. Pa. 2000). Given the deficiencies in pleading a FOIA claim, the claim will be dismissed, with leave to amend.

### D.    Intentional Infliction of Emotional Distress

To sustain a claim for intentional infliction of emotional distress, a plaintiff must show extreme and outrageous conduct which is deliberate or reckless and which causes severe

emotional distress. *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 190 (1987). "In addition, a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct." *Reeves v. Middletown Athletic Ass'n,* 2004 PA Super 475, ¶ 17, 866 A.2d 1115, 1122–23 (2004). "[O]nly the most egregious conduct" will sustain such a claim. *Hoy v. Angelone*, 554 Pa. 134, 151 (1998). The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kazatsky*, 527 A.2d at 991. The Pennsylvania Supreme Court explained that another way to describe 'outrageous or extreme conduct' is: " '[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.' " *Hoy*, 554 Pa. at 151 (quoting Restatement (Second) of Torts § 46, comment d; *Dauehen v. Fox*, 372 Pa. Super. Ct. 405, 412, 539 A.2d 858, 861 (1988)).

Assuming Plaintiff's allegations are true, they are not so outrageous in character, nor so extreme as to support a clam for intentional infliction of emotional distress. Case law supports this conclusion. *In Atkinson v. City of Philadelphia*, 2000 WL 793193, * 1, *6 (E.D. Pa. June 20, 2000), claims that a police detective submitted a false affidavit of probable cause to obtain an arrest warrant for a plaintiff, after which police forced their way into the plaintiff's home while searching to arrest him, and in the process, terrified his children, did not rise to the level of atrocity needed to sustain a claim for intentional infliction of emotional distress. Likewise, in *Gilbert v. Feld*, 842 F. Supp. 803, 821 (E.D. Pa. 1993), claims that a county detective instituted

the plaintiff's arrest without probable cause, arrested him in front of his grandmother, placed him in handcuffs and made him walk five or six blocks, transferred him to another jail without instructions to do so, detained him for several hours before his arraignment, persuaded him to waive his arraignment in Philadelphia until he was transferred to Montgomery County, re-arrested him without probable cause, and signed an affidavit of probable cause, despite knowing it was false, were held not to be so outrageous as to constitute a claim for intentional infliction of emotional distress. Finally, in *Sieger v. Township of Tinicum*, 1991 WL 197315, *5 (E.D. Pa. Sept. 30, 1991), claims that a township executive official knowingly issued a series of citations without probable cause and testified falsely at a hearing on the citations were deemed not to rise to the requisite level of outrageousness. Thus, Plaintiff's present allegations regarding her IIED claim are insufficient.

Accordingly, Plaintiff has failed to provide sufficient allegations to meet the high bar to state a claim for intentional infliction of emotional distress. And the Court will dismiss the claim, with leave to amend to properly allege said claim if she so chooses.

## E.    Libel

"Federal courts sitting in diversity apply the substantive law of the states in which they sit." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Since this Court sits in Pennsylvania, Plaintiff's libel claim(s) are governed by Pennsylvania law. The relevant Pennsylvania statues states:

In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.
(2) Its publication by the defendant.
(3) Its application to the plaintiff.
(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.
(6) Special harm resulting to the plaintiff from its publication.
(7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. § 8343(a). Plaintiff's Libel claim(s) are deficient in that Plaintiff fails to allege what libelous statements occurred, when they occurred, whether they were written or oral, where and when they were published, the defamatory meaning of any alleged libelous statement, who made the allegedly libelous statements, and the resulting harm to Plaintiff. This claim will be dismissed with leave to amend.

### III.    Conclusion

Plaintiff's disability discrimination claim may proceed. Plaintiff has failed to state a claim upon which relief can be granted as to her FOIA claims, intentional infliction of emotional distress claims, and her libel claims. Leave to amend these claims will be permitted. Accordingly, said claims will be dismissed, without prejudice.

The following Order is hereby entered.

### ORDER

And now, this 23rd day of July 2026, it is hereby ORDERED as follows:

Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

The Clerk is directed to file the Amended Complaint, ECF No. 1-1, as the Complaint of record.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff has not stated a viable FOIA claim, intentional infliction of emotional distress claim, or libel claim. Said claims are dismissed for failure to state a claim

6

upon which relief can be granted. Plaintiff is permitted leave to amend her Complaint as to said claims.

Plaintiff is permitted leave to amend her Complaint. Any amended complaint is due by August 31, 2026. If no amended complaint is filed by August 31, 2026, this case will proceed upon the original Complaint's claim of disability employment discrimination only.

__s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

Mildred I. Mccray
P.O BOX 40145
Pittsburgh, PA 15201