**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILDRED L. MCCRAY,** | ) | |
| | ) | |
| Plaintiff | ) | |
| **v.** | ) | **Civil No. 26-1409** |
| **USPS** *U.S. Federal Government Executive* | ) | |
| *Branch Controls Expenditures and Appoints* | ) | |
| *Postmaster's and* **NALC Union,** *National* | ) | |
| *Officers & Business Agents Union Handles* | ) | |
| *Contracts & Business Administration* | ) | |
| *Matters*, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a Complaint and Exhibits. On July 23, 2026, this Court granted the Motion to Proceed Informa Pauperis, ordered the Clerk of Court to file Plaintiff's Complaint, permitted Plaintiff's disability discrimination claim to proceed, and dismissed the remaining claims with leave to amend. ECF No. 6. Plaintiff timely filed an "Amended and Supplemental Complaint Claim," with attached Exhibits (ECF Nos. 8, 8-1, 8-2); a "Supplemental Addition to Relief," with Exhibit (ECF Nos. 9, 9-1); and an additional Exhibit in Support of Complaint (ECF No. 10[1]). Plaintiff also filed a "Petition for Time Extension for Summons," in which she requests a Petition for Default Judgment in favor of the Plaintiff in the form of relief Judgment?" ECF No. 11 (with attached Oct. 9, 2026 Invoice from "We Serve Law," ECF No. 11-10.[2]

---

[1] The Court acknowledges that the Exhibits filed at ECF No. 11 concern Plaintiff's experience in renting a car in Atlanta to travel to Pittsburgh, and the associated difficulties she encountered. None of the information in ECF No. 11 supports any claim in the present federal action in Pennsylvania.

[2] Plaintiff has submitted numerous substantive exhibits that do not factor into the Court's consideration of whether Plaintiff has stated a claim. In addition, she has submitted several exhibits that include her own personal information, such as medical records, a resume, and her social security earnings report.

## I. Amended Complaint

The "Amended Complaint, "and supporting and additional exhibits submitted by Ms. McCray, are insufficient to state any claim upon which relief can be granted. The two-page "Amended and Supplemental Complaint Claim" refers to potential libel and/or defamation of character claims to be asserted under Pennsylvania law, Georgia law, and 42 U.S.C. § 1983. The alleged libelous and/or defamatory statement is the Defendants "allegations of the Plaintiff ever having a Disability are false." ECF No 8, at 1. In other words, Plaintiff alleges that she was defamed by the false statement that she is disabled, when she is not disabled. Specifically, in August 2025, after being rejected for a USPS position in Pittsburgh, Plaintiff asked a Human Resources representative why she did not get the job. Compl. 4. The HR representative "looked up the Plaintiff's former ID. No.," and discovered that Plaintiff was "marked as disabled retirement." *Id.*

Plaintiff's libel/defamatory claim does not sufficiently allege that Defendants *published* the alleged statement to anyone other than Plaintiff, at Plaintiff's request. Publication of the statement to a third-party recipient is a necessary element of a libel/defamatory claim. Similarly, Plaintiff has not identified any other recipient of the statement, nor has she alleged that any recipient understood the statement to be defamatory. For these reasons, the Amended Complaint fails to state a valid libel or defamation claim upon which relief can be granted. The remainder of the allegations of the two-page "Amended Complaint" do not attempt to assert any other claim. Therefore, the Amended Complaint will be dismissed, without leave to amend. Plaintiff's ADA claim may proceed against Defendants as set forth in the original Complaint. The Court will direct the United States Marshall to effect service of the Complaint upon the Defendants.

## II. Motion for Default Judgment

Plaintiff filed a pleading with the title, "Petition for Time Extension for Summons." ECF No. 11. In her pleading she states, "that at no time was the Plaintiff ever disabled, requesting a time extension for the Defendants to provide the burden of proof, and respond to the summons request during the period of 60-day time allotted from receiving the summons." *Id.* Plaintiff also states her requested relief as a request to adopt a petition for default judgment. Therefore, the Court construes the pleading as a Motion for Default Judgment.

Plaintiff attaches as an exhibit to the Motion an invoice from "We Serve Law," a private service company. ECF No. 11-1. The invoice is dated October 9, 2026, and states an amount for service for this case. ECF No. 11-1. An invoice, by itself, does not indicate that Defendants were lawfully served. There is no indication on the docket that Defendants have been served and that Defendants missed an answer date. The Motion will therefore be denied. In any event, now that the Court has screened Plaintiff's Amended Complaint, the time for Plaintiff to serve the Complaint upon Defendants begins from the date of this Opinion and Order.

## III. Conclusion

The Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Default judgment will be denied. This case will proceed based upon the remaining ADA claim set forth in Plaintiff's initial Complaint filed at ECF No. 7, with the United States Marshal providing service of the Complaint, service of the Complaint will be directed by separate Order..

**ORDER**

And now, this 21st day of October 2026, it is hereby ORDERED that, upon review of Plaintiff's Amended Complaint and accompanying Exhibits, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff has failed to state a viable libel or defamation claim. The Amended Complaint is dismissed for failure to state a claim upon which relief can be granted. Leave to amend is denied. This Court sua sponte reinstates the Plaintiff's original Complaint and permits Plaintiff to move forward with her remaining ADA discrimination claim as alleged therein.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment, ECF No. 11, is DENIED without prejudice.

__s/*Marilyn J. Horan*__________
Marilyn J. Horan
United States District Court Judge

Mildred I. McCray
P.O BOX 40145
Pittsburgh, PA 15201